UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROZA KHACHATRYAN, | ) | Case No. CV 11-08176-JEM |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE |
| MICHAEL J. ASTRUE, | ) ) | COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER |
| Commissioner of Social Security, | ) ) | PROCEEDINGS |
| Defendant. | ) ) | |

**PROCEEDINGS**

On October 7, 2011, Roza Khachatryan ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits.  The Commissioner filed an Answer on January 30, 2012.  On April 27, 2012, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 60 year old female, who the ALJ found applied for Supplemental Security Income benefits ("SSI") on October 31, 2005.  (AR 18.)  Plaintiff has not engaged in substantial gainful activity since that date.  (AR 20.)  At the June 17, 2009, hearing, Claimant's counsel argued that the application for Supplemental Security Income benefits was dated March 1, 2005.  However, the Administrative Law Judge ("ALJ"), Gail Reich, found that the record showed the application date was October 31, 2005.  (AR 18.)

Plaintiff's claim was denied initially and on reconsideration on August 22, 2007.  (AR 18.)  Plaintiff filed a timely request for hearing, which was held before ALJ Gail Reich on June 17, 2009, in West Los Angeles, California.  (AR 18.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 18.)  An Armenian interpreter also was present.  (AR 18.)  Medical expert Thomas J. Maxwell, M.D., and vocational expert ("VE") June C. Hagen also appeared and testified at the hearing.  (AR 18.)  The ALJ issued an unfavorable decision on September 15, 2009.  (AR 18-27.)  The Appeals Council denied review on August 5, 2011.  (AR 5-7.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ properly adjudicated the period covered by the unavailable application.

2.    Whether the ALJ properly considered the presence of a medically determinable mental impairment.

3.    Whether the ALJ properly found the application of recent education to other work.

4.    Whether the ALJ properly found the ability to perform work without finding little if any vocational adjustment.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.

Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not

significantly limit the claimant's ability to work. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. <u>Parra</u>, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen v. Yuckert</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsbury v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 31, 2005, the alleged application date. (AR 20.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: degenerative disc and joint disease of the lumbosacral and cervical spine, osteoarthritis of the shoulder, and gastrointestinal reflux disease.  (AR 20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 22-23.)

The ALJ then found that the Plaintiff had the RFC to perform sedentary work except for performing more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling; occasional pushing and pulling with the upper and lower extremities; occasional reaching overhead; no use of ladders, ropes and scaffolds; and avoidance of unprotected heights or dangerous machinery. (AR 23.)  In determining this RFC, the ALJ also appears to have made an adverse credibility determination.  (AR 24-25.)

At step four, the ALJ found that Plaintiff does not have any past relevant work.  (AR 25.) Plaintiff's prior work experience entails only part-time work for four years, consisting of 4-5 hours a week, 3 days a week.  (AR 25.)  At the hearing, the VE testified that Claimant did not have substantial gainful activity and therefore had no prior relevant work experience.  (AR 25.) Nevertheless, the VE noted that Claimant worked part-time for many years, and her "sufficiently recent" medical assistant training provided direct entry into skilled work.  (AR 25.)  The ALJ found that considering Claimant's age, education, work experience, and RFC, Claimant is able to perform other work existing in significant numbers in the national economy, including receptionist, appointment clerk and insurance clerk.  (AR 26.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 27.)

**DISCUSSION**

Both parties agree that the ALJ decision must be reversed.  The parties, however, disagree on the terms of the remand.  The Commissioner seeks a remand directing the ALJ to update the medical record, obtain supplemental vocational testimony, address the conceded errors in the ALJ decision, reassess Plaintiff's RFC and issue a new decision.  Plaintiff argues against a "wholesale" readjudication of the period already adjudicated by the ALJ, and seeks to limit the scope of the remand to the issues presented.  The Commissioner's position is correct.

The parties agree that the ALJ decision is erroneous in the following respects.

1.  The ALJ determined the application date incorrectly as October 31, 2005.  (AR 18, 20.)  The initial determination date by the State agency is July 8, 2005 (AR 31), and Plaintiff alleges an application date of March 24, 2005.  The parties agree that the case must be remanded to determine the proper application date and adjudicate the entire period from the proper application date.

2.  In finding that Plaintiff did not have a severe mental impairment (AR 21-22), the ALJ failed to consider the opinion of Dr. Mallare.  (AR 217-30.)  Dr. Mallare found a depressive disorder (AR 220) that resulted in moderate difficulties of concentration, persistence and pace.  (AR 225.)  The Commissioner agrees that the ALJ on remand must address and weigh the opinion of Dr. Mallare.

3.  Plaintiff argues that the ALJ erred in finding transferrable skills from seemingly remote work experience 11 years ago that was characterized as "sufficiently recent" for "direct entry into skilled work."  (AR 25.)  No explanation accompanied this finding.  The Commissioner does not appear to dispute Plaintiff's contention.

4.  Plaintiff contends that the ALJ erred in failing to find "very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry."  20 C.F.R. § 416.968(d)(4).  The Commissioner does not appear to dispute Plaintiff's contention.

Consideration of Dr. Mallare's opinion implicates step two through five of the sequential evaluation process.  It also implicates the RFC, which must consider all of the Claimant's impairments.  20 C.F.R. §§ 416.920(e), 416.945(e); SSR 96-8p.  In determining an RFC, the

1  ALJ must consider all relevant evidence, including medical records, lay evidence and the

2  effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins,

3  466 F.3d at 883.  Credibility, then, is integral to that determination.  Supplemental vocational

4  testimony may be appropriate and helpful for issues three and four.

5          Thus, the case is remanded for further administrative proceedings pursuant to sentence

6  four of the 42 U.S.C. § 405(g).  On remand, the ALJ is ordered to do as follows:

7          1.    Update the medical record as necessary.

8          2.    Determine the appropriate application date for Plaintiff's Title XVI

9                application and provide supporting rationale for the determination.

10         3.    Address and weigh the opinion of State agency psychiatrist Dr. Mallare.

11         4.    Evaluate the severity of Plaintiff's mental impairments.

12         5.    Determine Plaintiff's RFC.  In this regard, the ALJ may consider Plaintiff's

13               credibility.

14         6.    Consider the remote completion of education in the direct entry into skilled

15               work activity.

16         7.    Consider the degree of vocational adjustment for such skilled work activity.

17         8.    The ALJ may obtain supplemental vocational expert testimony regarding

18               the considerations in items 6 and 7 above.

19         9.    State whether the step five determination is based on the Grids or

20               vocational testimony.

21         10.   Issue a new decision.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1        **ORDER**

2        IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

3    REVERSED and REMANDED for further proceedings in accordance with this Memorandum

4    Opinion and Order and with law.

5        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

6

7    DATED:  June 13, 2012                    */s/ John E. McDermott*

8                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28